Date _____ XX, 2001

| Debtor: | Duesterhaus Fertilizer, Inc. | Secured Party | Rosen's Inc. |
|---|---|---|---|
| Social Security/I.D. Number | 37-0960493 | | |
| Address | PO Box 248 | Address | PO Box 933 |
| City, State & Zip | Quincy IL 62306 | City, State & Zip | Fairmont MN 56031 |

1. Debtor hereby grants to Secured Party a security interest in the following property:

All of the Debtor's: (a) inventory, as defined in the Uniform Commercial Code, whether consisting of whole goods, spare parts or components, supplies, whether acquired, furnished, held or furnished for sale, lease or under service contract or for manufacture or processing, including, without limitation, chemicals, chemical compounds, herbicides, pesticides, insecticides, fertilizer, compounds, derivatives, seeds and all other inventory purchased from Secured Party; (b) equipment, as defined in the Uniform Commercial Code, whether now owned or hereafter acquired, including, but not limited to, present and future machinery, manufacturing equipment, farm machinery, shop equipment, tools, and specifically including, without limitation, all equipment purchased from Secured Party; (c) accounts, as defined in the Uniform Commercial Code, and all other rights of the Debtor to the payment of money, whether such rights now exist or hereafter arise, whether out of a sale, lease or other disposition, the rendering of services, loans, overpayment of taxes, or otherwise; (d) general intangibles, as defined in the uniform Commercial Code, whether now owned or hereafter acquired;

All whether now owned or hereafter acquired and TOGETHER with all accessions, accessories, attachments, parts and repairs now or hereafter attached to or affixed to any of the foregoing, all substitutions and replacements for and products of any of the foregoing, all proceeds of any of the foregoing, and all warehouse receipts, bills of lading and other documents of title now or hereafter covering such property.

whether now owned or hereafter acquired, together with all substitutions and replacements for and products of any of the foregoing property not constituting consumer goods and together with proceeds of any and all of the foregoing property and all accessions, and except in the case of consumer goods, all accessories, attachments, parts, equipment and repairs now or hereafter attached or affixed to or used in connection with any such property (the above-described property is hereinafter referred to as the "Collateral").

Collateral that is:

(a) "Equipment" includes but is not limited to all present and future machinery and equipment, vehicles, furniture, fixtures, manufacturing equipment, farm machinery and equipment, shop equipment, office and recording equipment, parts and tools.

(b) "Livestock" includes but is not limited to all products, natural increase, purchase, exchange and issue thereof, all feed, both hay and grain, owned by Debtor; all water privileges, all equipment used in feeding and handling said livestock; all of Debtor's rights, title and interest in all contracts and leases covering lands for pasture and grazing purposes; all rights in brands and in all documents referring to or relating to registration of brands; and all documents referring or relating to livestock breeds and purebred registration.

(c) "Crops" includes but is not limited to annual and perennial crops growing or to be grown, whether harvested or unharvested, regardless of where stored; all products, purchases and exchanges thereof, all seed, fertilizers, herbicides, insecticides, chemicals and supplies used in connection therewith; all warehouse receipts, letters of entitlement issued by the Commodity Credit Corporation, or other documents issued for grain stored or to be stored, including all of Debtor's rights, title and interest in said receipts, letters, and documents; and all government subsidy payments of whatever kind or form, including but not limited to payment-in-kind, storage, deficiency, and interest payments.

(d) "Accounts" includes but is not limited to each and every right of Debtor to the payment of money, whether such right to payment now exists or hereafter arises, whether such right to payment arises out of a sale, lease, or other disposition of goods or other property by Debtor, out of a rendering of service by Debtor, out of a loan by Debtor, out of the overpayment of taxes or other liabilities of Debtor, or otherwise arises under any contract or agreement, whether such right to payment is or is not already earned by performance, and howsoever such right to payment may be evidenced, together with all other rights and interests (including all liens and security interests) which Debtor may at any time have by law or agreement against any account debtor or other obligor obligated to make such payment or against any of the property of such account debtor or other obligor; all including but not limited to all present and future debt instruments, chattel papers, accounts, loans, and obligations receivable and tax refunds.

(e) "Inventory" includes but is not limited to all goods, merchandise and other personal property that are held for sale or lease, or are furnished or to be furnished under any contract of service, or are raw materials, work in process, supplies, or materials used or consumed in Debtor's business, and all products thereof, and substitutions, replacements, additions or accessions thereto.

2. If the Collateral includes crops or fixtures, it is and will be located on the following real estate:

N/A

If other than Debtor, the name and address of the record owner(s) of the above described real estate _____

3. The security interest granted hereunder is given to secure the payment and performance of each and every debt, liability and obligation of every type and description which Debtor may now or at any time hereafter owe to Secured Party (whether such debt, liability or obligation now exists or is hereafter created or incurred, whether it is currently contemplated by the Debtor and Secured Party, whether for payment or performance, whether evidenced by any instrument, agreement, or book account, and whether any documents evidencing it make a reference to this Security Agreement, and whether it is or may be direct or indirect, due or to become due, absolute or contingent, primary or secondary, liquidated or unliquidated, or joint, several or joint and several). All such debts, liabilities and obligations are hereinafter collectively referred to as the "Obligations".

4. Debtor is ☐ an individual(s); ☐ an individual(s) doing business as a proprietorship; ☐ a partnership; XX a corporation.
☐ (other) _____

The Collateral will be used for XX agricultural purposes; ☐ business purposes, or ☐ _____ (other).

5. If more than one person has signed this Security Agreement as Debtor, the term "Debtor" shall refer to each of them separately and to both or all of them jointly; all such persons shall be bound both severally and jointly with the other(s); and the Obligations shall include all debts, liabilities, and obligations as defined herein owed to Secured Party by any Debtor solely or by both or several or all Debtors jointly or jointly and severally, and all property in Section 1 shall be included as Collateral, whether it is owned jointly by both or all of the Debtors or is owned in whole or in part by one (or more) of them. In the event Debtor is a corporation, the person(s) who sign(s) this Agreement on behalf of the Corporation represents and warrants that the Debtor is a duly organized and existing Corporation, and is duly qualified and in good standing. It is further represented and warranted by said person(s) that the execution, delivery and performance hereof are within Debtor's corporate powers, have been duly authorized, and are not in contravention of law or the terms of any of the Debtor's articles, charter, bylaws, other incorporation papers, resolutions, or any agreement or undertaking to which Debtor is a party, or by which it is bound. If Debtor is a partnership, the partner(s) executing this Agreement has (have) authority to act for and bind the Partnership, and the execution, delivery and performance hereof are not in contravention of law or the terms of any partnership agreement, resolution, or certificate or any agreement or undertaking to which Debtor is a party, or by which it is bound.

DEBTOR AGREES THAT HE HAS READ THIS AGREEMENT AND THAT THIS AGREEMENT INCLUDES AND IS SUBJECT TO THE ADDITIONAL PROVISIONS SET FORTH ON THE REVERSE SIDE HEREOF, SUCH PROVISIONS BEING INCORPORATED HEREIN BY THIS REFERENCE.

SECURED PARTY:
Rosen's Inc.

By _____
Title: Credit Manager

The Debtor acknowledge(s) receipt of a copy of this document
DEBTOR:
Duesterhaus Fertilizer, Inc.

x _____
  President

Duesterhaus Fertilizer, Inc.

All of the Debtor's: (a) inventory, as defined in the Uniform Commercial Code, whether consisting of whole goods, spare parts or components, supplies, whether acquired, furnished, held or furnished for sale, lease or under service contract or for manufacture or processing, including, without limitation, chemicals, chemical compounds, herbicides, pesticides, insecticides, fertilizer, compounds, derivatives, seeds and all other inventory purchased from Secured Party; (b) equipment, as defined in the Uniform Commercial Code, whether now owned or hereafter acquired, including, but not limited to, present and future machinery, manufacturing equipment, farm machinery, shop equipment, tools, and specifically including, without limitation, all equipment purchased from Secured Party; (c) accounts, as defined in the Uniform Commercial Code, and all other rights of the Debtor to the payment of money, whether such rights now exist or hereafter arise, whether out of a sale, lease or other disposition, the rendering of services, loans, overpayment of taxes, or otherwise; (d) general intangibles, as defined in the Uniform Commercial Code, whether now owned or hereafter acquired;

All whether now owned or hereafter acquired and TOGETHER with all accessions, accessories, attachments, parts and repairs now or hereafter attached to or affixed to any of the foregoing, all substitutions and replacements for and products of any of the foregoing, all proceeds of any of the foregoing, and all warehouse receipts, bills of lading and other documents of title now or hereafter covering such property.